**IN THE SUPERIOR COURT OF GUAM**

|  |  |
|---|---|
| PEOPLE OF GUAM,<br><br>vs.<br><br>UGOCHUKWU ENYINNAYA AKOMA,<br>DOB: 02/28/1972<br><br>Defendant. | CRIMINAL CASE NO. **CM0363-22**<br>GPD Report No. 21-26405<br><br><br><br>**DECISION & ORDER<br>RE. PEOPLE'S MOTION TO DISMISS<br>WITHOUT PREJUDICE IN THE<br>INTEREST OF JUSTICE** |

This matter came before the Honorable Alberto E. Tolentino on January 9, 2025, for a Status Hearing. Defendant Ugochukwu Enyinnaya Akoma ("Defendant") was present with counsel Attorney Joaquin Arriola Jr. Assistant Attorney General Grant Olan was present for the People of Guam ("People"). The People previously filed a Memorandum Supporting the People of Guam's Motion to Dismiss Without Prejudice on December 10, 2024. During the Status Hearing, the court addressed the People's Motion and ultimately *sua sponte* dismissed the case. As to the issue of whether to dismiss this case with prejudice, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **DENYING** the People's Motion to Dismiss without Prejudice.

\\

## BACKGROUND

On October 20, 2022, Defendant Akoma was charged with two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). *See* Magistrate's Compl. (Oct. 20, 2022). During his Arraignment on November 1, 2022, the Defendant waived his right to speedy trial. *See* Arraign. H'rg Mins. (Nov. 1, 2022). On February 13, 2023, the Defendant filed a Motion to Extend Time, which the People did not oppose. The court allowed the parties more time to appropriately respond to the motions being filed.

### A. Events Leading Up to Trial

On April 14, 2023, the Defendant filed two Motions in *Limine* to exclude Guam Rule of Evidence ("G.R.E.") 404(b) and 413 evidence, and hearsay evidence.[1] On April 17, 2023, the People subsequently filed its Notice of Intent to Admit 413 Evidence. *See* Ppl.'s Notice (Apr. 17, 2023). On June 22, 2023, the court held an evidentiary hearing on the Defendant's Motions in *Limine* and the People's Notice. After hearing the parties' argument, the court took the matter under advisement and subsequently issued its Decision and Order excluding the admission of G.R.E. 413 evidence. *See* Decision and Order (Nov. 13, 2023).

On January 30, 2024, the Defendant filed a Statement asserting his right to speedy trial. *See* Statement (Jan. 30, 2024). Upon his assertion, the court scheduled Jury Selection and Trial for March 25, 2024, in accordance with the mandated sixty-day speedy trial time frame for released Defendants.[2] *See* Amended Criminal Trial Scheduling Order (Jan. 31, 2024). At a Further Proceedings on February 20, 2024, the Defendant requested the court to extend this case's Jury Selection and Trial date to April 8, 2024. *See* Further Proceedings Mins. at 10:43:24AM (Feb.

---

[1] *See* Mot. in *Limine* to Exclude Hearsay (Apr. 14, 2023); Mot. in *Limine* to Exclude GRE 404(B) and 413 Evidence (Apr. 14, 2023).

[2] Under 8 G.C.A. § 80.60(a)(3), trial for a released defendant must commence within sixty (60) days after arraignment.

20, 2024). The Defendant expressed his willingness to waive his right to speedy trial until the Pre-Trial Conference on April 3, 2024. *Id.* With twenty-one (21) days having lapsed since the Defendant's assertion, the court granted the continuance of Jury Selection and Trial to April 8, 2024; leaving thirty-nine (39) days remaining on the clock. *Id.*

In response to the People's Notice of Intent to Use 404(b) Evidence at Trial filed on February 29, 2024, the Defendant filed his Motion in *Limine* to Exclude that evidence on March 27, 2024. On April 3, 2024, the court held a Pre-Trial Conference, which was continued to April 5, 2024.

During the continued Pre-Trial Conference held on April 5, 2024, the court granted the Defendant's Motion in *Limine*, without opposition from the People and subject to evidentiary objections presented at trial. *See* Pre-Trial Conference Mins. at 2:19:26PM (Apr. 5, 2024). In addition, the People filed its Third Amended Exhibit List, which included recordings that were turned over to the Defendant that morning. In his argument that this exhibit list was untimely filed, the Defendant requested that the evidence that was untimely disclosed be excluded at trial. *Id.* After hearing the parties' argument on the issue of the recent disclosures within the People's Third Amended Exhibit List, the court denied its admission in the People's case-in-chief but permitted its admission on rebuttal subject to the Defendant's introduction of that evidence. *Id.*

**B. Jury Selection and Trial beginning on April 8, 2024**

Jury trial in this case occurred between April 8, 2024, through April 15, 2024. However, on April 15, 2024, the Defendant made an oral motion to dismiss and an oral motion for mistrial. *See generally* Jury Trial Mins. (Apr. 15, 2024). That same day, the People filed a Motion for Reconsideration regarding the court's exclusion of testimony at trial. *See* Ppl.'s Mot. Reconsider (Apr. 15, 2024). After hearing the parties' argument on the motions, the court denied

reconsideration, granted the Defendant's Motion for Mistrial, and took the Defendant's Motion to Dismiss under advisement. Jury Trial (Day 6) Mins. @ 10:08:16 – 45:13AM (Apr. 15, 2024); Mot. H'rg Mins. at 2:55:32 – 55:56PM. (Apr. 15, 2024).

On April 19, 2024, the court issued its Decision and Order granting the Defendant's oral motion for mistrial. *See* Decision and Order (Motion for Mistrial) (Apr. 19, 2024). As to the Defendant's oral motion to dismiss, the court denied it for reasons set forth in its Decision and Order filed on July 15, 2024. *See* Decision and Order (Motion to Dismiss) (July 15, 2024).

**C. Events Leading Up to the Retrial**

During a Pre-Trial Conference on July 16, 2024, the court set this matter for a continued Pre-Trial Conference on July 18, 2024, and Jury Selection and Trial for July 19. However, the People filed two Notices of Appeal with the Supreme Court of Guam the day after the Pre-Trial Conference. The People's first appeal was based on the court's Decision and Order granting the Defendant's oral motion for mistrial. *See* Notice of Appeal (CRA24-016) (July 17, 2024). The second appeal was in regards to the court's Decision and Order denying the Defendant's oral motion to dismiss with prejudice. *See* Notice of Appeal (CRA24-015) (July 17, 2024).

The court and the parties acknowledged the filing of both appeals during the continued Pre-Trial Conference on July 18, 2024. Although the court initially stated that it no longer retained jurisdiction in this case until the appeals were resolved, the court was also made aware that the appeals had not been perfected at the time based on the Defendant's representations. *See* Pre-Trial Conference Mins. at 4:06:33 – 23:53PM (July 18, 2024). Pursuant to the Defendant's oral motion to proceed with trial as scheduled, the court granted the motion pending the People's perfection of their appeals. *Id.*

On the day of trial, the People filed its Notice of Divestiture regarding the court's order to move forward with Jury Selection and Trial on July 19, 2024, unless the People perfect its appeal before then. *See* Notice of Divestiture (July 19, 2024). That same day, the People filed a Statement of Objection under 7 G.C.A. § 6107 and Motion to Disqualify ("Statement of Objection") this court. Because of this, the matter was assigned to the Honorable Alberto C. Lamorena III as recusal judge. *See* Notice of Assignment (July 30, 2024).

While the court was without jurisdiction in this case due to the People's appeals and Statement of Objection, the People filed a Motion for Written Orders on July 29, 2024.[3] This court also issued its Answer to the Statement of Objection that same day. In response to the People's Motion for Written Orders, the Defendant filed his Opposition on August 1, 2024.

In regards to the People's appeal of the court's Decision and Order denying the Defendant's oral motion to dismiss, the Guam Supreme Court granted the People's request to withdraw such appeal and dismissed it without prejudice. *See* Judgment (CRA24-016) (Aug. 12, 2024).

The People filed its Response to this court's Answer to the Statement of Objection on August 14, 2024.[4] On August 29, 2024, the Honorable Alberto C. Lamorena III issued his Decision and Order denying the Office of the Attorney General of Guam's ("OAG") Statement of Objection and Motion to Disqualify. *See* Decision and Order (Aug. 29, 2024). On September 24, 2024, the People filed a Memorandum regarding the status of the remaining appeal of this court's Decision and Order granting the Defendant's oral motion for mistrial.

---

[3] While the People filed an CVR 7.1 Form regarding *Ex Parte* Relief on this motion, the court was still without jurisdiction to entertain it.
[4] The People also filed an Amended Response later that day. *See* Amended Ppl's Response (Aug. 14, 2024).

On November 21, 2024, the Guam Supreme Court issued a Judgment denying the People's appellate Motion for Limited Remand, and dismissing the appeal. *See* Judgment (CRA24-015) (Nov. 21, 2024). Accompanying the Judgment was the Guam Supreme Court's Order conveying the reasons for the denial and dismissal. *See* Order (CRA24-015) (Nov. 21, 2024).

**D. Dismissal of the Case**

On December 10, 2024, the People filed a Memorandum Supporting People of Guam's Motion to Dismiss without Prejudice in the Interest of Justice ("Motion to Dismiss"). The court held a Status Hearing on December 19, 2024, where it heard arguments on the Motion to Dismiss. Ultimately, the court dismissed this case against the Defendant and allowed the parties to file their respective briefs on the issue of dismissal with or without prejudice. The court subsequently issued its Order of Dismissal that same day. The Defendant filed his Response to the Motion to Dismiss ("Response") on December 26, 2024.[5] The People then filed its Reply to the Response on December 31, 2024.[6]

On January 9, 2025, the court held a Status Hearing where it addressed the parties' briefs on the issue of dismissal with prejudice. After hearing the parties' argument, the court took the matter under advisement.

\\

\\

---

[5] Although the Notice of Motion scheduled the Opposition Brief due date for December 24, 2024, the Superior Court of Guam was closed due to the Christmas Eve holiday. Guam Rule of Civil Procedure ("GRCP") Rule 6(a)(1)(C) states that "[w]hen the period is stated in days or a longer unit of time… include the last day of the period, but if it is a Saturday, a Sunday, a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the Superior Court inaccessible, the period continues to runs until the end of the next day which is not one of the aforementioned days." Therefore, the Defendant's Response was timely filed.

[6] Although the Notice of Motion scheduled the Reply Brief due date for December 21, 2024, the court recognizes this as a clerical error meant to read as "December 31, 2024" when considering that the Reply Brief would have been due before the Opposition Brief. Therefore, the People's Reply was timely filed.

DISCUSSION

**A. Defendant Akoma's Statutory Right to Speedy Trial was violated under 8 G.C.A. § 80.60.**

Without ruling on the issue of prejudice, the court *sua sponte* dismissed this case pursuant to 8 GCA § 80.60 and alternatively 8 GCA § 80.70(b). Pursuant to 8 GCA § 80.60, the court shall dismiss a criminal action for failure to commence trial of a defendant within sixty (60) days after arraignment unless there is good cause for failure to commence the trial within the sixty-day time frame. Under 8 GCA § 80.70(b), "[i]f there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint."

In its Reply, the People argue that under the Guam Supreme Court's Ruling in *People v. Gutierrez*, "the basis of dismissal with prejudice cannot be satisfied." Ppl.'s Reply (Dec. 31, 2024). They specifically cited to the holding in *Gutierrez* that trial courts are not authorized "to *sua sponte* dismiss indictments with prejudice." *People v. Gutierrez*, 2005 Guam 19 ¶ 29. While the People state that this court dismissed this case's complaint with prejudice without a subsequent complaint being filed, this is not the case. In its Order for Dismissal, the court dismissed this case from the bench but reserved its ruling on prejudice until both parties submitted briefs on the issue. *See* Order for Dismissal (Dec. 19, 2024). Therefore, the Guam Supreme Court's ruling in *Gutierrez* does not apply in this case.

Regarding the failure to commence this retrial within the remaining time left on the speedy trial clock, the court found no good cause for why this case was not brought to retrial within whatever time remained on the speedy trial clock. Among its reasons for dismissing the case, the court found unnecessary delay in bringing the Defendant's case to retrial after the People waited until the day of the retrial to file its Statement of Objection against this court; and after it had already filed two Notices of Appeal on the previous day.

The Guam Supreme Court acknowledged that delays for the benefit of the defendant constitute as good cause for speedy trial purposes, such as tolling of the speedy trial clock. *See Ungacta v. Superior Court of Guam*, 2013 Guam 29 (arguing that, "delays caused by, or for the benefit of the defendant constitute good cause for speedy trial purposes."). Because the Statement of Objection is not a motion filed for the Defendant's benefit, the time would not have been tolled pending the Decision and Order on the Statement of Objection. When the Statement of Objection was filed, there was still time remaining on the Defendant's speedy trial clock to bring a retrial. However, the Decision and Order Denying the OAG's Statement of Objection was filed nine (9) days after the Defendant's speedy trial clock already expired. Because of this, speedy trial was violated under 8 G.C.A. § 80.60. The court will now explicate its reasons to dismiss this case with prejudice.

**B. The Federal Speedy Trial Act Factors weigh in favor of dismissal with prejudice.**

Where a defendant's statutory right to speedy trial is violated, "[t]he issue of whether the case should be dismissed with or without prejudice should be decided in the first instance by the trial court." *People v. Corpuz*, 2019 Guam 1, ¶ 18 (quoting *Nicholson v. Superior Court (People)*, 2007 Guam 9 ¶ 29) (Mar. 22, 2019). While the Guam Supreme Court has "never ruled that a speedy trial violation requires an automatic dismissal with prejudice... Guam's speedy trial statute does not contain a default presumption one way or the other—making both available to the trial court." *Id.* (quoting *People v. Aromin*, 2014 Guam 3 ¶¶ 14, 20-21; *see also* 8 GCA § 80.60 (2005)). The Guam Supreme Court has further held that the trial courts must consider the federal Speedy Trial Act factors when determining whether to dismiss a case with or without prejudice. *Aromin*, 2014 Guam 3, ¶ 21.

The federal Speedy Trial Act requires the court to consider the following factors and determine whether they weigh in favor of dismissal with prejudice in this case: "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution of the administration of justice." *Aromin*, 2014 Guam 3 ¶ 21.

**(1) The Seriousness of the Offense**

When analyzing whether the seriousness of the offense favors dismissal with prejudice, the trial court's interpretation recognizes that "the more serious the offense, the more weight should be given to dismissal without prejudice." *Aromin*, ¶ 23 (citing *United States v. Clymer*, 25 F.3d 824, 831 (9th Cir. 1994)). "[W]here the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Corpuz*, 2019 ¶ 24 (quoting *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir. 1986)).

By example and comparison to felony charges, misdemeanor charges are generally deemed less serious. For instance, the nature of an assault may be more serious than a theft because of the bodily injury. But another may view the punishments available for an assault versus a theft as a stronger indicator of a charge's seriousness. In this case, the Defendant is charged with two counts of Fourth Degree Criminal Sexual Conduct (As a Misdemeanor). For this offense, the Defendant faced no more than one (1) year of incarceration and a maximum fine of one thousand dollars ($1,000).[7] Since the filing of the Magistrate's Complaint, this matter was before the court for approximately three (3) years before the court dismissed it on the bench.

---

[7] *See* 9 G.C.A. § 25.30(b); *see also* 9 G.C.A. §§ 80.34 & 80.50.

After evaluating the seriousness of this misdemeanor charge, the court agrees with the Defendant that this factor weighs in favor of dismissal with prejudice. Thus, the court finds that the seriousness of the offenses charged weigh in favor of dismissal with prejudice.

**(2) The Facts and Circumstances of the case which led to the dismissal**

When looking at the facts and circumstances of the case which led to dismissal, trial courts have considered: bad faith by the Government or the court in causing the delay; actual prejudice to the defendant; unavailability of witnesses; the disappearance or deterioration of exculpatory evidence; whether the defendant was in confinement while awaiting the initiation of the case. *See Aromin* at ¶ 24. "While not dispositive under this second factor, the court also evaluates whether the court's or government's conduct rises to the level of 'something more than an isolated unwitting violation,' such as a finding of 'bad faith' or a 'pattern of neglect.'" *Id.* (quoting *United States v. Taylor*, 487 U.S. 326, 339 (1988))."

An "[i]nordinate delay between public charge and trial" may (1) prejudice "a defense on the merits"—such as through the deterioration of crucial evidence, unavailability of witnesses, or subversion of the defendant's ability to prepare for trial—or (2) seriously prejudice "defendant's liberty, . . . disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *Corpuz* ¶ 25; *United States v. Bert*, 814 F.3d 70, 82 (2d Cir. 2016) (quoting *Taylor*, 487 U.S. at 340-41) (explaining prejudice to defendant may come in trial prejudice or non-trial prejudice); *Aromin*, 2014 Guam 3 ¶ 24 (mentioning examples of prejudice such as witness unavailability, deterioration of exculpatory evidence, or curtailment of defendant's liberty).

As mentioned earlier, the court scheduled retrial during a Pre-Trial Conference that was heard three days before that retrial date. Despite the People taking no issue with this court

presiding over the original trial, it filed its Statement of Objection against this court on the day of retrial, July 19, 2024. The court notes that during this time, the same Statement of Objection was filed in a multitude of other criminal cases assigned to this court. Although the People elected to withdraw the same Statement of Objection in some of this court's cases, Defendant Akoma's case was one of the few cases where the People awaited disposition of the Statement of Objection through a recusal judge's Decision and Order.

Another circumstance that led to the dismissal of the case was the unavailability of the victim as a primary material witness needed for the retrial. On September 19, 2024, the court received the victim's public statement regarding her unwillingness to testify again and experience throughout this whole case. In addition, the Defendant cited to a public article that included statements from the Attorney General regarding this case, which was still active at the time the article went live online. *See* Def.'s Response (Dec. 26, 2024).

Thus, regarding whether the People's conduct rises to the level of "something more than an isolated unwitting violation," the court views the People's conduct here as such a violation. Therefore, the court finds that the facts and circumstances of this case, which led to dismissal, weigh in favor of dismissal with prejudice.

**(3) The impact of a reprosecution on the administration of justice**

"The Court should also look to the likelihood of repeated violations and whether potential administrative changes are prompted by the violation." *Bert*, 814 F.3d at 86. While not as serious of a sanction as dismissal with prejudice, dismissal without prejudice would still require the People to obtain a new indictment and potentially face dismissal on statute of limitations grounds. *Corpuz* ¶ 27 (quoting *Taylor*, 487 U.S. at 342).

The court notes the Attorney General's "professional opinion that a new trial is likely to end in an acquittal." Memo. Supporting Ppl.'s Mot. Dismiss (Dec. 10, 2024). In this case, re-prosecuting this case would negatively impact the administration of justice when considering the victim's publicized unwillingness to go forward with a retrial and the Attorney General's professional opinion should the Defendant be reindicted on the same charges. Therefore, the court finds that the impact of the reprosecution on the administration of justice weighs in favor of dismissal with prejudice.

Because all three factors weigh in favor of dismissal with prejudice, the court holds that this case be dismissed with prejudice for the reasons set forth above.

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

\\

## CONCLUSION

For the reasons above, the court hereby **DENIES** the People's Motion to Dismiss without Prejudice. The court further orders this case **DISMISSED WITH PREJUDICE.**

No further proceeding is scheduled before this court.

**SO ORDERED** this _____09 APR 2025_____.



_____
**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam